UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER SEELEY, | Civ. No. 2:10-cv-00706 (WJM) |
| Plaintiff, | |
| v. | ORDER & JUDGMENT |
| ESSEX COUNTY CORRECTIONAL FACILITY, *et al.*, | |
| Defendants. | |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendants Fuquan Countryman and Jermaine Baptiste pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action in the Superior Court of New Jersey on December 10, 2009. ECF No. 1-1. The action was removed to this Court on February 9, 2010. ECF No. 1. Plaintiff served the Complaint on Defendants on February 19, 2010. *See* ECF No. 22. To date, Defendants have failed to answer or otherwise respond to the Complaint, and the time to respond to the Complaint has expired. *See* ECF No. 22; Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on July 14, 2011. ECF No. 15. Plaintiff filed the instant motion for default judgment on March 26, 2012, and properly served Defendants with notice of the motion on March 26, 2012. ECF No. 22. No opposition has been filed.

1

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). To make these determinations, the Court should accept as true the well-pleaded factual allegations of the complaint, although the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. <u>First</u>, the Court finds that there is no basis for Defendants to claim a meritorious defense. The Court specifically finds that Defendants are not entitled to the defense of qualified immunity, as the well-pleaded factual allegations of the Complaint make out a violation of a constitutional right that was "clearly established" at the time of Defendants' alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n.15 (3d Cir. 2001) ("[T]he right not to be . . . abused by a state employee while in confinement [is] clearly established."). <u>Second</u>, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). <u>Third</u>, where,

2

as here, Defendants have failed to respond, there is a presumption of culpability.  *See*

*Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S.

Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

    For the foregoing reasons and for good cause shown;

    **IT IS** on this 29th day of May 2012, hereby,

    **ORDERED** that final judgment is entered in favor of Plaintiff and against

Defendants Fuquan Countryman and Jermaine Baptiste; and it is further

    **ORDERED** that damages will be determined at a later date.

                                     /s/ William J. Martini
                                     **WILLIAM J. MARTINI, U.S.D.J.**